IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BEATRICE SANTIAGO**                                                         **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 1:09cv283HSO-JMR**

**OCEAN SPRINGS HOSPITAL**                                       **DEFENDANT**

## MEMORANDUM OPINION AND ORDER DISMISSING PLAINTIFF'S CASE WITHOUT PREJUDICE

This cause comes before this Court *sua sponte* for consideration of dismissal. On or about April 29, 2009, Plaintiff submitted a Motion [2] for Leave to Proceed *In Forma Pauperis* ("IFP") in this case pursuant to 28 U.S.C. § 1915. On May 15, 2009, Chief United States Magistrate Judge John M. Roper recommended that Plaintiff's Motion be denied. *See* Rep. and Recommendation [3]. Plaintiff did not timely file objections to the Magistrate Judge's Report and Recommendation, and this Court entered an Order [5] dated June 12, 2009, denying Plaintiff's Motion [2]. Plaintiff filed a Response [6] to the Order [5], requesting another chance to file objections to the Report and Recommendation [3]. This Court granted Plaintiff's request and Plaintiff filed an Objection [8] on July 20, 2009. The Objection [8] did not dispute the Magistrate Judge's recommendation to deny her IFP status, but instead argued the merits of her claim. The Court entered a Second Order [9] Adopting Report and Recommendation on July 29, 2009.

This Court specifically warned Plaintiff in its May 15, 2009, Report and Recommendation [3], as well as its June 12, 2009, and July 29, 2009, Orders [5], [9]

adopting the Report and Recommendation, that her failure to timely pay the required filing fee would result in dismissal of this case without further written notice. After being granted an extension of time until on or before September 21, 2009, to pay the filing fee, Plaintiff has yet to pay.

This Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *See Link*, 370 U.S. at 630-31.

Plaintiff's Motion [2] for Leave to Proceed *In Forma Pauperis* has previously been denied. Plaintiff has failed to timely pay the filing fee despite repeated warnings, thereby failing to comply with three Court orders. This case will therefore be dismissed.

Since Defendant has never been called upon to respond to Plaintiff's pleading, and has never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court is of the opinion that the dismissal should be without prejudice. *See Munday / Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006). A final

judgment in accordance with this memorandum opinion will be entered.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's case should be, and hereby is, **DISMISSED WITHOUT PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order and the accompanying Judgment to Plaintiff by United States Mail.

**SO ORDERED AND ADJUDGED**, this the 24th day of September, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE